Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER KIRBY, | Case No.: |
| Plaintiff | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| VERDE ENERGY USA, INC., | **(Unlawful Communications Practices)** |
| Defendant | |

## **COMPLAINT**

JENNIFER KIRBY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against VERDE ENERGY USA, INC. ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## **JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of New Jersey and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Trenton, New Jersey 08638.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its office located in Norwalk, Connecticut 06851.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Plaintiff never provided permission to Defendant to call her cellular telephone number or to contact her regarding any goods or services offered by Defendant.

14. Beginning in early June 2015, and continuing through August 13, 2015, Defendant repeatedly called Plaintiff on her cellular telephone.

15. When placing these calls to Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

16. Plaintiff knew Defendant used an automatic dialing system and/or pre-recorded message because an automated message would play during these communications.

17. Defendant's calls were for marketing purposes and not made for "emergency purposes."

18. During some calls Defendant requested to speak with Plaintiff and during other calls Defendant's representatives would ask for a third party.

19. Plaintiff told Defendant to stop calling, and Defendant's representative advised her on one occasion that a note was "put in the computer."

20. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone number.

21. Despite the above, Defendant persisted in calling Plaintiff on her cellular telephone for several weeks.

22. The Federal Communications Commission has recognized a right to revoke consent. See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991 Am. Ass'n of Healthcare Admin. Mgmt. Am. Bankers Ass'n Coal. of Mobile Engagement Providers Consumer Bankers Ass'n Direct Mktg. Ass'n Paul D. S. Edwards Milton H. Fried, Jr., & Richard Evans Glide Talk, Ltd. Global Tel*link Corp. Nat'l Ass'n of Attorneys Gen. Prof'l Ass'n for, CG02-278, 2015 WL 4387780, at *21 (OHMSV July 10, 2015).

**DEFENDANT VIOLATED THE
TELEPHONE CONSUMER PROTECTION ACT**

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Plaintiff has a cellular telephone number that she has had for over a year.

25. Plaintiff has only used this number as a cellular telephone number.

26. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JENNIFER KIRBY, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SHANE HIBBS, demands a jury trial in this case.

## **CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

DATED: September 2, 2015                KIMMEL & SILVERMAN, P.C.

By: s/ *Amy L. Bennecoff Ginsburg*
　　Amy l. Bennecoff Ginsburg
　　Kimmel & Silverman, P.C.
　　1930 E. Marlton Pike, Suite Q29
　　Cherry Hill, NJ 08003
　　Phone: (856) 429-8334
　　Fax: (877) 788-2864
　　Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT